## Creasy v. Kittle, Appellant.

*Judgment—Nonsuit—Reversal of judgment—Costs.*

Where a record shows that plaintiff suffered judgment of voluntary nonsuit as to three out of four defendants, he cannot in a proceeding instituted by the three defendants to revive the judgment for the costs, aver as a defense that the judgment was entered by the prothonotary without authority or warrant to enter the same, and was therefore not a legal judgment against the plaintiff.

Argued March 6, 1918. Appeal, No. 15, March T., 1918, by defendant, from order of C. P. Luzerne Co., March T., 1912, No. 156, making absolute rule for judgment for want of a sufficient affidavit of defense in case of S. C. Creasy, W. Wells and M. E. Stackhouse v. Robert E. Kittle or Kyttle. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Scire facias to revive judgment.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Richard B. Sheridan,* with him *John T. Lenahan,* for appellant.—We have not been able to find any statute of our giving the defendant costs on nonsuit except the Act of February 21, 1767 (Smith's Laws 271). But that act provides for a judgment by the court and that upon such judgment the defendant shall be awarded his costs: Kline v. Blaine, 18 D. R. 852.

The judgment to be revived must appear as a judgment of the court on the record: Davidson v. Thornton, 7 Pa. 128.

No printed brief for appellee.

OPINION BY HENDERSON, J., July 10, 1918:

The appellant brought an action of trespass against the plaintiffs and John Vanatta. When the case was called for trial a voluntary nonsuit was taken by the plaintiff as to defendants Creasy, Wells and Stackhouse. The record is: "Plaintiff suffers a voluntary nonsuit as to W. Wells, S. C. Creasy and M. E. Stackhouse." The action in which the pending appeal was taken is a scire facias on the judgment of nonsuit. The affidavit of defense alleges that the judgment was entered by the prothonotary without authority or warrant to enter the same and is therefore not a legal judgment against the appellant. The inquiry is, therefore, whether a judgment of nonsuit was taken in the action brought by the appellant against the present plaintiffs. If such judgment were taken, the affidavit filed is not sufficient, for the only defense in the trial of a scire facias on a judgment is a denial of the existence of the judgment, or proof of the subsequent satisfaction or discharge thereof. The position taken by the learned counsel for the appellant seems to be that the judgment is something distinct from the nonsuit; but the nonsuit is the judgment. It is the action of the court on the plaintiff's declaration of his desire to abandon the case. It is not a discontinuance which requires the consent of the court, but a voluntary withdrawal from the prosecution of his cause, as to which the permission of the court is not necessary. When, therefore, the record discloses the fact that the defendant has suffered a voluntary nonsuit, that means that a judgment of nonsuit is entered at the request of the plaintiff. Nonsuit is the name of a judgment entered against a plaintiff when he is unable to prove a case, or when he refuses to proceed to trial after it is at issue. No other interpretation can be put on the record disclosed, than that three of the defendants in the original action were discharged because the plaintiff declined to proceed with his case against them. He therefore became nonsuited and liable for costs under the Act of

February 21, 1767.   (Smith's Laws 271.)   We are not concerned in this appeal with the taxation of the costs, nor with the application of the appellant to open or strike off the judgment.   It is sufficient for the present purpose to say, that the record discloses a judgment of nonsuit, and that the affidavit of defense to the scire facias on such judgment, which is in effect an application for delay pending the disposition of the rule to strike off the judgment, is insufficient.

Judgment is affirmed.